Sutter-Van Horn Co., Limited, *v.* Mississippi Home
Telephone Company.

[69 South. 996.]

Sales. *Construction. Offer and acceptance.*

> Where a contract is to be formed by means of an offer by one party
> and the acceptance thereof by the other, there must be an uncon-
> ditional acceptance of the offer, not only must the acceptance be-
> unconditional but it must be identical with the terms of the-
> offer. It must not vary from the proposal, either by way of
> omission, addition, or alteration. If it does, neither party is,
> bound.

Appeal from the circuit court of Hinds county.
Hon. W. A. Henry, Judge.
Suit by the Sutter-Van Horn Co., Limited, against the-
Mississippi Home Telephone Company, begun in a jus-
tice court and appealed to the circuit court. From a
judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.
*G. E. Williams,* for appellant.

With reference to the acceptance of appellee's offer-
by appellant we admit that there is a variance between
the offer and the acceptance, and we also acknowledge-
that there must be a meeting of the minds shown by the-
offer and the acceptance before a contract is created; but:
we submit that there can be a valid contract in which the-
offer and acceptance vary, so long' as this variance is not
material and does not change the contract between. the-
parties with reference to the subject-matter in the offer.

In *Warren Bros. Co.* v. *King,* 96 Minn. 190, the plain-
tiff's letter to the defendant is as follows: "We-
will lay the surface on seventeenth avenue in Duluth un-
der specifications on file in the board of public works,
for the sum of one dollar and forty cents a square yard;

you to furnish the stone for the surface at the plant, we to furnish all other material and labor." To this the defendant replied, "I will accept the terms of your letter of June 24th, for the laying of the surface on seventeenth avenue East. Also for twenty-third avenue East should the contract be awarded you." The court said: "The mere fact that defendant added to this acceptance of plaintiff's proposition that he would give plaintiff the contract for paving twenty-third avenue East, should it be awarded him by the city, is wholly immaterial, and in no way changes the contract between the parties with reference to seventeenth avenue."

On page 35 of the record appellee's general manager, who signed the order for five thousand fans, plainly shows by his testimony that there was a complete meeting of the minds in the offer and acceptance, necessary to constitute a binding contract.

*Flowers, Brown & Davis,* for appellee.

The order was in writing. It called for only five thousand fans. The price one hundred dollars was expressly set out therein. The order, as stated on its face, was conditioned upon acceptance in New Orleans. It was never accepted. The letter of appellant dated January 30, 1912; accepting an order for five thousand fans and one thousand blotters is not an acceptance of this order. We need go no further than Volume 1 of the recent work on Contracts by Elliott, for authority in support of the action of the learned circuit judge in granting a peremptory instruction for the defendant in this case.

"The contract is complete when both parties have agreed to one and the same set of propositions. This is accomplished when, without fraud, duress or mistake, on the part of either party, one submits a proposition to which the other accedes, provided such acceptance neither takes from nor adds to the offer, but accepts it in every respect just as it stands." Elliott on Contracts, sec. 36.

"Before this can be done (both parties bound) there must be an unconditional acceptance of the offer. The assent must be absolute and final. The one who makes an offer cannot be bound by a conditional acceptance." Elliott on Contracts, sec. 37.

"Not only must the acceptance be unconditional but it must be identical with the terms of the offer. It must not vary from the proposed either by way of omission, addition or alteration. If it does, neither party is bound." Elliott on Contracts, sec. 38.

The commentator appends to the above sections of his valuable work a complete list of authorities supporting his text. We feel that we need go no further for authority; that we need not burden the court with a discussion of a question elementary in its nature. There never was an acceptance of the order and therefore no binding contract.

We of course recognize and concede the correctness of the rule announced in *Warren Bros. Co.* v. *King*, 96 Minn. 190, cited by counsel for appellant. In that case the offer was to lay the pavement on seventeenth avenue for one dollar and forty cents per yard. The defendant accepted by saying he would lay the pavement on seventeenth avenue for one dollar and forty cents per yard and added that he would also lay twenty-third avenue for the same price if it should be awarded him.

The court said, and it is readily seen, that this offer on the part of defendant to also pave twenty-third avenue if the contract should be awarded him amounted to no more than an offer on his part to also lay twenty-third avenue. It in no way affected the acceptance of the work on seventeenth avenue.

In the case at bar the order, which blank was furnished by the appellant, expressly stated that it was to be subject to acceptance by the home office of appellant at New Orleans. The home office instead of accepting it as given changes it and accepts it as carrying five thousand fans and one thousand blotters. Tantamount to saying

to appellee: "We will not accept your offer as given but will accept it, if you will add one thousand blotters to it." Then after realizing that they cannot force the blotters on appellee, they come in and try to stand on the original order and sue for "profits they would have made had they filled the order as given," something they never have agreed to do. We say it is elementary that there must be an unqualified acceptance and that there has been none in this case. Therefore the learned circuit judge was correct and the case should be affirmed.

Smith, C. J., delivered the opinion of the court.

In January, 1912, appellee gave to one of appellant's traveling salesmen a written order for five thousand fans, subject to appellant's acceptance at its home office in New Orleans. Certain advertising matter was to be printed on these fans. Upon receipt of this order by appellant it wrote appellee as follows:

"We have your order given our Mr. Van Horn for five thousand fans and one thousand small blotters.

Fans ..................................$100.00
Blotters ........................... 10.00 $110.00

"We understand you were to send in copy for these fans at once, and beg to advise that same has not reached us; therefore request that you have same come forward at once."

Some days later, appellee wrote appellant, directing it to cancel the order for the fans. This appellant declined to do, and instituted this suit in the court of justice of the peace to recover damages which appellant is alleged to have sustained on account of appellee's refusal to accept the fans. At the close of the evidence in the court below the jury were instructed to find for appellee, and there was a verdict and judgment accordingly.

The contract here intended to be entered into was to be formed by means of an offer by appellee and the acceptance thereof by appellant. Before such a contract

can be formed, there must be an unconditional acceptance of the offer, and—

"not only must the acceptance be unconditional, but it must be identical with the terms of the offer. It must not vary from the proposal, either by way of omission, addition, or alteration. If it does, neither party is bound." 1 Elliott on Contracts, secs. 37, 38; Lawson on Contracts (2d Ed.) sec. 25; *New York Life Insurance Co.* v. *Mary McIntosh,* 86 Miss. 236, 38 So. 775.

Tested by this rule, the letter of appellant to appellee was not an acceptance of appellee's offer, but, on the contrary, was simply a counter proposal on the part of appellant to sell appellee fans and blotters, which appellee had the right to accept or reject at its pleasure.

*Affirmed.*